UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELDRIDGE HAWKINS, II,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOHN FEDER, JAMES ABBOTT, individually and officially, JACK SAYERS, individually and officially, TOWNSHIP OF WEST ORANGE, WEST ORANGE POLICE DEPARTMENT, HEAD DOE, JOHN DOE,**<br><br>**Defendants.** | **MASTER FILE: 07-CV-4005 (WJM)**<br><br><br>**OPINION**<br><br>**HON. WILLIAM J. MARTINI** |

Eldridge Hawkins
55 Washington Street
Suite 309
East Orange, NJ 07017

(*Counsel for Plaintiff*)

Steven C. Mannion
Decotiis, Fitzpatrick, Cole & Wisler, LLP
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, NJ 07666

(*Counsel for Defendants*)

**WILLIAM J. MARTINI, U.S.D.J.:**

      Defendants move to dismiss Plaintiff's complaint on statute of limitations grounds. The Court finds that the applicable one- and two-year statutes of limitation indeed do bar Plaintiff's federal claims since they arise from Defendants' conduct in mid-2004 while Plaintiff waited until late 2007 to file this complaint. The Court accordingly dismisses

Plaintiff's complaint.  The Court further finds that upon dismissal of these federal claims, the Court lacks jurisdiction over Plaintiff's remaining state law claims, so the Court dismisses those as well.  Accordingly, Defendants' motion to dismiss Plaintiff's complaint is **GRANTED**.

I.   **FACTS AND PROCEEDINGS**

This action arises out of Plaintiff's appointment as a police trainee and officer at the West Orange Police Department ("WOPD").  Plaintiff, a WOPD officer, sues WOPD Sergeant John Feder, WOPD Director Jack Sayers, WOPD Police Chief James Abbot, the Township of West Orange, and the WOPD for alleged ethnic discrimination in hiring and wage setting.  The gravamen of Plaintiff's complaint is that Defendants gave hiring and salary preferences to other officers based on their Irish heritage.

Plaintiff alleges that Defendants' discrimination manifested itself in two specific ways.  First, Plaintiff asserts that Defendants gave priority to the appointment and salary of fellow officer Brad Squires over Plaintiff because of Squires's Irish heritage.  The WOPD determines an officer's appointment and salary using, among other things, his rank on a certification list of eligible appointees, which is based on the officer's performance on a civil service examination. In early 2004, Plaintiff and Squires ranked numbers twenty-three and twenty-six on this list, respectively.  (Compl. ¶¶ 8, 9, 20, 21.)  Yet despite Plaintiff's higher ranking, the WOPD appointed Squires to an officer position on July 9, 2004, while waiting until July 12, 2004, to appoint Plaintiff.  (Compl. ¶¶ 8, 9,

2

20, 21.)  Also despite Plaintiff's higher ranking, the WOPD gave Squires a higher salary than Plaintiff.  (Compl. ¶¶ 8, 21.)  Plaintiff alleges that WOPD gave preference to Squires because of Squires's Irish heritage.  (Compl. ¶ 22.)

Second, Plaintiff claims that the WOPD similarly gave preferential treatment to another officer, Billy Sayers, because he is the "Irish nephew of Police Director Jack Sayers." (Compl. ¶ 12a.)  Sayers initially failed to complete training at the county police academy, a WOPD officer requirement, and the WOPD relegated him to a position as "dispatcher."  (Compl. ¶ 12a.)  In late 2004, after Plaintiff's appointment to the WOPD, Sayers eventually completed another county's police academy, at which point WOPD appointed him to be an officer—at a higher level of pay than Plaintiff's. (Compl. ¶ 12b.) Plaintiff alleges that the WOPD afforded Sayers this preference because of Sayers's Irish heritage.  (Compl. ¶ 12b.)

Based on the foregoing facts allegedly occurring in mid-2004, Plaintiff filed the instant complaint in August 2007.  Plaintiff alleges that Defendants discriminated against him because he is not Irish.  Accordingly, Plaintiff files claims both under federal law, specifically under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 1988, and under New Jersey law.

Defendants now move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's complaint on the grounds, inter alia, that Plaintiff's claims are barred by their respective statutes of limitation.  Defendants argue that Plaintiff's claims arise from

3

alleged conduct in mid-2004 while Plaintiff did not file his complaint until August 2007—over three years later.[1]  Plaintiff opposes this motion and cross-moves under Rule 12(c) for judgment on the pleadings.[2]

## II.  DISCUSSION

Under Rule 12(b)(6), a court should dismiss a claim if the pleadings fail to state a cause of action.  To survive a Rule 12(b)(6) motion to dismiss, the pleadings must set forth factual allegations sufficient to raise the probability of a right to relief above pure

---

[1] Because the Court finds this argument sufficient to dismiss Plaintiff's complaint, as explained below, the Court declines to address Defendants' other arguments.

[2] The parties now appear to characterize these motions as cross-motions for summary judgment.  In Plaintiff's cross-motion for judgment on the pleadings, Plaintiff attaches an evidentiary certification, suggesting Plaintiff actually sought to make a motion for summary judgment, rather than a Rule 12(c) motion for judgment on the pleadings.  See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  Defendants apparently recognized this and in response filed what they called a "brief in opposition to Plaintiff's cross-motion for summary judgment."

The Court declines to treat these motions as motions for summary judgment.  While Rule 12(d) clearly states that if on a motion under Rule 12(b)(6) or 12(c) the parties present and the court considers matters outside the pleadings that the court must treat the motion as one for summary judgment, it is equally clear that a court may exclude such outside matters and treat the Rule 12 motions as labeled.  Pryor v. NCAA, 288 F.3d 548, 559 (3d Cir. 2002).  Exclusion is particularly appropriate if the outside material, which would otherwise convert the Rule 12 motions into motions for summary judgment, is "scanty, incomplete, or inconclusive."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (3d ed. 2004); see Kurdyla v. Pinkerton Sec., 197 F.R.D. 128, 131 (D.N.J. 2000) (holding that a court should not convert a motion to dismiss into a motion for summary judgment if little or no discovery has occurred).  Here, the little evidence the parties attach to their briefs can only be described as "scanty," "incomplete," and "inconclusive."  Accordingly, the Court declines to consider such evidence and treats the motions as labeled, under Rules 12(b)(6) and 12(c).

speculation.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964–65 (2007).

As they are set forth in the pleadings, all of Plaintiff's federal claims are barred by their respective statutes of limitation.  The Court accordingly dismisses those claims.  Furthermore, the Court lacks jurisdiction to adjudicate Plaintiff's remaining state law claims, so the Court dismisses those claims as well.

Plaintiff's federal claims are subject to either a one- or two-year statute of limitation, depending upon the claim.  Plaintiff asserts federal claims pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986.[3] (Compl.)  In New Jersey, claims brought under 42 U.S.C. §§ 1981, 1982, 1983 and 1985 are subject to a two-year statute of limitations.  Evans v. Port Auth. Trans-Hudson, Corp., No. 04-4062, 2006 WL 408391, at *3 (3d Cir. Feb. 23, 2006) (§§ 1981, 1983); Ramsey v. Dintino, No. 05-5492, 2008 WL 819982, at *7–8 (D.N.J. March 25, 2008); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1990)(§ 1985); see, e.g., Scheerer v. Rose State College, 950 F.2d 661, 664–65 (10th Cir. 1991) (holding that Oklahoma's two-year statute of limitations for personal injury suits applied to a § 1982 claim).  Claims brought under 42 U.S.C. §1986, however, are subject only to a one-year statute of limitations.  D'Aurizio v. Palisades Park, 963 F.Supp. 378, 386 (D.N.J. 1997).

Here, taking the facts as alleged in his complaint, Plaintiff has failed to bring his

---

[3]Plaintiff also asserts a cause of action under 42 U.S.C. § 1988, but that section does not create an independent cause of action, apart from other civil rights actions. Moor v. Alameda County, 411 U.S. 693, 702 (1973).

claims within the required limitations period.  Federal discrimination claims based on hiring and wage setting accrue when the defendant takes the allegedly discriminatory action.  See Goodman v.Lukens Steel Co., 777 F.2d 113, 124 (3d Cir. 1985) ("To be actionable, the discriminatory practice must exist during the applicable limitations period.").  Here, Plaintiff's complaint alleges that Defendants engaged in discriminatory hiring and wage-setting decisions in mid-2004.  Yet Plaintiff did not file this suit until mid-2007—more than three years after Defendants' allegedly discriminatory conduct.  Accordingly, Plaintiff has failed to file his federal claims within their respective statutory periods of limitation, so the Court must dismiss them.

Plaintiff argues that the statutes of limitation did not begin to run on his federal claims until he discovered them, in 2007.  Such a "discovery" rule indeed does find support in federal employment discrimination jurisprudence.  See, e.g., Spindler v. Se. Pa. Transp. Auth., 47 F. App'x 92, 95 (3d Cir. 2002) ("Claims under § 1983 accrue when the 'plaintiff knew or should have known of the injury upon which [his] action is based.'" (quoting Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998))); see generally Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.").  Plaintiff asserts that "[he] discovered defendants' wrongful acts in or after February 2007." (Mem. in Supp. of Pl.'s Opp'n to Mot. to Dismiss 5.)  He accordingly argues that the statute of limitations on his federal discrimination claims did not begin to

run until that date.

But Plaintiff invokes the discovery rule too quickly. As this Court has recently stated with respect to invocation of the discovery rule, "[i]t is plaintiff's burden to explain why he reasonably could not have discovered his cause of action in time to comply with the limitation period so as to justify the tolling of the statute of limitations." Smart-El v. Correctional Med. Servs., Inc., No. 04-3413 (D.N.J. June 5, 2008). That is, the plaintiff must explain why he would not have discovered his alleged injury with the exercise of reasonable diligence. Here, Plaintiff states baldly that he had no reason until February 2007 to suspect that Defendants had discriminated against him.[4] He does not "explain why he reasonably could not have discovered his cause of action in time to comply with the limitation period."[5] Furthermore, it appears that Plaintiff could have discovered his cause of action with reasonable diligence; as Plaintiff admits, WOPD hiring and salary information were publicly available to Plaintiff. Accordingly, the Court finds that with reasonable diligence Plaintiff could have discovered Defendants' alleged discrimination, so the discovery rule is inapplicable.

Finally, because the Court dismisses Plaintiff's federal claims, it must also dismiss Plaintiff's state claims. Plaintiff asserts federal jurisdiction under 28 U.S.C. § 1331,

---

[4]Plaintiff does not indicate what occurred in February 2007 that led him to discover Defendants' alleged discrimination.

[5]As explained above, the Court declines to consider any outside evidence attached to the parties' submissions.

which provides federal courts with jurisdiction over federal causes of action.  Plaintiff asserts only pendant jurisdiction over his state law claims under 28 U.S.C. § 1367, which provides for supplemental federal jurisdiction over state claims related to federal claims.  Since the Court dismisses Plaintiff's federal claims, as explained above, the Court lacks jurisdiction under 28 U.S.C. § 1367 to adjudicate Plaintiff's state claims.  Furthermore, the Court is aware of no other basis for federal jurisdiction over Plaintiff's state claims.  Accordingly, the Court dismisses Plaintiff's remaining state law claims as well.

### III.  CONCLUSION

Plaintiff's federal claims are barred by their respective statutes of limitation, so the Court dismisses them.  After dismissal of Plaintiff's federal claims, the Court lacks jurisdiction over Plaintiff's state claims, so the Court dismisses those as well.  Accordingly, Plaintiff's motion for judgment on the pleadings is **DENIED**, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's complaint is **DISMISSED**.  An Order accompanies this Opinion.

s/ William J. Martini  
William J. Martini, U.S.D.J.